UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO THE FOLLOWING CASES:

| | |
|---|---|
| *Combs, et al. v. Comair, Inc.* | 5:07CV00312KSF |
| *Cone, et al. v. Comair, Inc.* | 5:07CV00015KSF |
| *Dawson, et al. v. Comair, Inc., et al.* | 5:07CV00300KSF |
| *Demrow, et al. v. Comair, Inc. (as to Plaintiffs, Theodore and Threet)* | 5:07CV00315KSF |
| *Fahey v. Comair, et al.* | 5:07CV00126KSF |
| *First Citizens Bank of Elizabethtown (N Kono) v. Comair, Inc., et al.* | 5:07CV00316KSF |
| *First Citizens Bank of Elizabethtown (T. Kono) v. Comair, Inc., et al.* | 5:07CV00317KSF |
| *Fortney, et al. v. Comair Inc.* | 5:07CV00318KSF |
| *Frederick, et al. v. Comair, Inc.* | 5:07CV00319KSF |
| *Harris, et al. v. Comair, Inc., et al.* | 5:06CV00292KSF |
| *Hebert, et al. v. Comair, Inc., et al.* | 5:07CV00320KSF |
| *Hooker et al. v. Comair, Inc. et al.* | 5:07CV00321KSF |
| *Hunt v. Comair, Inc., et al.* | 5:07CV00400KSF |
| *Mallory, et al. v. Comair, Inc., et al.* | 5:07CV00124KSF |
| *McKee, et al. v. Comair, Inc., et al.* | 5:07CV00322KSF |
| *Moscoe, et al. v. Comair, Inc.* | 5:07CV00318KSF |
| *Parsley, et al. v. Comair, Inc., et al.* | 5:07CV00323KSF |
| *Thomason, et al. v. Comair, Inc.* | 5:07CV00324KSF |
| *Towles v. Comair, Inc.* | 5:06CV00429KSF |
| *Trimble v. Comair, Inc., et al.* | 5:07CV00269KSF |
| *Turner, et al. v. Comair, Inc., et al.* | 5:07CV00326KSF |
| *Washington, et al. v. Comair, Inc., et al.* | 5:06CV00385KSF |
| *Winters v. Comair, et al.* | 5:07CV00127KSF |

**OPINION AND ORDER**

This matter is before the Court on the motions of Comair, Inc., et al. ("Comair") [DE #539] and Bombardier, Inc. ("Bombardier") [DE #736] pursuant to Rule 12(b)(6) to dismiss claims by various Plaintiffs for loss of consortium, pre-impact fear, and hedonic and loss of enjoyment of life damages as a matter of law. Having been fully briefed, these motions are ripe for review.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Comair and Bombardier move to dismiss certain of Plaintiffs' damage claims on the ground that they are not authorized by Kentucky law.[1]  Plaintiffs generally respond that Kentucky law "is either unsettled or antiquated" [DE #1073, p. 4], "is largely judge-made and is still expanding" [*Id.*, p. 5], and that Kentucky courts would recognize such damage claims today.  Many parallels are drawn between the current posture of Kentucky law on these issues and the prior posture of Kentucky law just before the Supreme Court of Kentucky changed the common law to bring it up to date with other jurisdictions and recognize new claims such as a child's claim for loss of consortium.  [*See, e.g.*, DE #1190, pp. 4-7].  Accordingly, Plaintiffs ask this Court to predict that the Supreme Court of Kentucky would update the common law and recognize these damages claims if the facts were before that court today.  Alternatively, Plaintiffs ask this Court to certify the law to the Supreme Court of Kentucky

II. **ANALYSIS**

   A.  **Standards**

Under the new standard for motions to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "All factual allegations are deemed true and any ambiguities must be resolved in plaintiff's favor."  *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253, 258 (6th Cir. 1994).  A district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Twombly*, 127 S. Ct. at 1969 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

---

[1]  Plaintiffs Towles and Harris question the applicability of Kentucky law to their cases. The choice of law issues they raise will be addressed by a separate Opinion as noted in subparagraph G infra.

2

When interpreting or predicting state law, the Sixth Circuit urges caution. "Where a state's highest court has spoken to an issue, we are bound by that decision unless we are convinced that the high court would overrule it if confronted with facts similar to those before us." *Ellis ex rel. Pendergrass v. Cleveland Mun. School Dist.*, 455 F.3d 690, 697 (6th Cir. 2006). "We cannot allow a propensity to speculate as to yet unarticulated law to allow us to indulge our own predisposition." *Id.* In *Goranson v. Kloeb*, 308 F.2d 655 (6th Cir. 1962), the court said: "Until the [state] courts have spoken on the subject, we must follow the law as it is. We should not attempt to make new law for the state in conflict with its existing decisions." *Id.* at 656-57.

To the extent a state law question is undecided, a federal court "must make 'the best prediction, even in the absence of direct state precedent, of what the Kentucky Supreme Court would do if it were confronted with [the] question.'" *Combs v. International Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004) (quoting *Welsh v. United States*, 844 F.2d 1239, 1245 (6th Cir. 1988)). "When given a choice between an interpretation of [state] law which reasonably restricts liability, and one which greatly expands liability, we should choose the narrower and more reasonable path." *Id.* (quoting *Todd v. Societe Bic, S.A.*, 21 F.3d 1402 1412 (7th Cir. 1994)). Federal courts are in "a particularly poor position ... to endorse [a] fundamental policy innovation.... Absent some authoritative signal from the legislature or the courts of [the state], we see no basis for even considering the pros and cons of innovating theories...." *Id.* at 578 (quoting *Dayton v. Peck, Stow & Wilcox Co. (Pexto)*, 739 F.2d 690, 694 (1st. Cir. 1984)).

    **B.**    **Claim for Loss of Consortium After Spouse's Death**

Comair moves to dismiss claims of loss of spousal consortium on the ground that *Clark v. Hauck Mfg. Co.,* 910 S.W.2d 247, 249 (Ky. 1995) held a "claim for loss of consortium is viable only for the period of time between the date of injury and the date of death. It does not reach beyond." [DE #539, p. 3; DE #1174 , p. 4]. Comair further relies on *Brooks v. Burkeen*, 549 S.W.2d 91 (Ky. 1977) which denied a claim for loss of spousal consortium when the spouse died instantly at work.

3

Similar claims were also rejected in *Loew v. Allen*, 419 S.W.2d 734, 737 (Ky. 1967) ("An action for the loss of consortium is ... limited to compensation for the loss which accrued to the husband from the date of the injuries to the date of death or recovery of the wife"); *Everley v. Wright*, 872 S.W.2d 95, 96 (Ky. Ct. App. 1993) (claim for loss of consortium dismissed because husband died two hours after surgery); and *Lane v. Deere and Co.*, 2003 WL 1923518 (Ky. Ct. App. 2003) (spouse died within a few minutes of being struck by a tree limb).

Plaintiffs respond that K.R.S. § 411.145 expressly authorizes claims for loss of consortium and does not prohibit post-death damages. They argue that the law of consortium is largely judge made and is still expanding, as evidenced by the recognition of a claim for loss of parental consortium in *Giuliani v. Guiler,* 951 S.W.2d 318 (Ky. 1997). [DE #1061, pp. 4-5]. Plaintiffs note that *Brooks* relied on two cases decided before the enactment of K.R.S. § 411.145 in 1970 and on *Prosser on Torts,* 4th ed., published in 1971, to say the law was well settled that a loss of consortium claim does not survive the victim's death. *Brooks* relied on that same 1971 edition of *Prosser* to deny a minor child a claim for loss of parental care; yet that portion of *Brooks* was overruled in *Giuliani* ten years ago. At that time, the court said: "[w]hen the common law is out of step with the times, this court has a responsibility to change that law." 951 S.W.2d at 319. Plaintiffs argue that if the Supreme Court of Kentucky had the opportunity to decide the question of post-death loss of spousal consortium today, it would follow the forty-six states who now recognize such damage claims.

Plaintiffs further argue that "[t]his is an appropriate case for judicial intervention." [DE #1061, p. 7]. They note the parallels between the present claims and the state of the law when the Supreme Court of Kentucky adopted comparative negligence in *Hilen v. Hays*, 673 S.W.2d 713 (Ky. 1984). At that time, comparative negligence had been adopted by forty-one states. Justice Liebson noted in his opinion that "[w]e must reform common law doctrines that are unsound and unsuited to present conditions." *Id.* at 717. For comparative negligence, loss of parental care, and

4

post-death loss of spousal consortium, legislation had been introduced to adopt the change in the law, but the Kentucky Senate failed to act on the measures. [DE #1061, p. 8]. The *Giuliani* court said this failure to act "does not negatively impact the authority of this court to adopt and conform the common law." *Giuliani*, 951 S.W.2d at 321. Accordingly, Plaintiffs ask this Court to predict that the Supreme Court of Kentucky would adopt a claim of loss of post-death spousal consortium as part of the common law. Alternatively, they ask that the question be certified to the Supreme Court.

Plaintiffs argue persuasively regarding the claims the Supreme Court of Kentucky might recognize in the future, but offer only speculation, rather than some authoritative signal, that the court would overturn existing law under these circumstances. This is not a case where the state law question is undecided. Instead, Kentucky law is clear that a claim of loss of spousal consortium does not reach beyond death. *Clark*, 910 S.W.2d at 249. Accordingly, this Court must follow the law as it is and should "not attempt to make new law for the state in conflict with its existing decisions." *Goranson*, 308 F.2d 656.

Other federal courts presented with the same issue have reached the same conclusion. In *Estate of Presley v. CCS of Conway*, 2004 WL 1179448 (W. D. Ky. 2004), Chief Judge Heyburn faced a similar claim of post-death loss of spousal consortium arising from an automobile accident where the victim's vehicle was crushed between two trucks. He noted that "Kentucky case law has been clear that a surviving spouse cannot claim loss of consortium after the death of the other spouse." *Id.* at *1. When asked to predict "whether the Kentucky Supreme Court would now permit spouses to recover for loss of consortium after death," the court said it "finds little reason to believe that it would do so." *Id.* at *2. The court noted that *Giuliani* specifically addressed the rights of minor children and "gave no indication that the analysis was to change prior decisions concerning spousal consortium." Accordingly, the plaintiff's claims for post-death loss of spousal consortium were dismissed. *Id.* at *3.

Similarly, in *Holland v. Islamic Republic of Iran*, 496 F. Supp. 2d 1 (D.D.C. 2005), the widow of Petty Officer Robert S. Holland brought claims arising from the death of her husband in the 1983 Marine barracks bombing in Beirut, Lebanon. Mr. Holland was a domiciliary of Kentucky at the time of his death and Kentucky law determined the damages available. *Id.* at 26. Because Mr. Holland died instantaneously from his injuries, the court held that Mrs. "Holland's claim for loss of consortium is not sustainable on the present facts," citing *Clark* and *Brooks*. *Id.* at 29.

It is the opinion of this Court that Kentucky law does not currently recognize claims for post-death loss of spousal consortium. *See Clark* and *Brooks*. The fact that the law may be totally out of step with the rest of the nation does not authorize this court to "speculate as to yet unarticulated law." *Ellis*, 455 F.3d at 697. Additionally, Kentucky law does not permit a claim for loss of spousal consortium when the time between injury and death is short. *Brooks*, 549 S.W.2d at 92 (as a consequence of his death occurring instantaneously while at work, his wife "lost no services, society, fellowship or affectionate relations prior to death"); *Everley*, 872 S.W.2d at 96 (claim for loss of consortium dismissed because husband died two hours after surgery); *Lane*, 2003 WL 1923518 at *18 ("There was no appreciable length of time following the accident and the death of Denniston, and the trial court properly granted summary judgment on Judith Denniston's claim for loss of consortium").

Additionally, this is not a case where there "is no controlling precedent in the decisions of the Supreme Court and the Court of Appeals" of Kentucky. Thus, certification of the question to the Supreme Court of Kentucky would not be appropriate. CR 76.37(1). Accordingly, Plaintiffs' claims for loss of spousal consortium must be dismissed.

**C.   Parents' Claims for Loss of Consortium of Adult Child**

K.R.S. § 411.135 , effective in 1968, provides:

In a wrongful death action in which the decedent was a minor child, the surviving parent, or parents, may recover for loss of affection and companionship that would have been derived from such child during its minority, in addition to all other elements of the damage usually recoverable in a wrongful death action.

6

Comair argues that this statute expressly limits damages to persons under age eighteen.[2] It also notes that this is the majority rule in the United States.

Despite the statutory language that the "decedent was a minor child" and that the loss of companionship referenced is that which "would have been derived from such child during its minority," several plaintiffs[3] urge that the statute does not preclude such a claim for loss by an adult child [DE #1061, p. 9]. Plaintiffs repeat the *Giuliani* language regarding the responsibility to change the law when the common law is out of step with the times. They note that Arizona, Hawaii and Tennessee allow claims for loss of consortium of an adult child. *Id.* at 10.

Plaintiff Lois Mae Combs brings a claim as the mother of Homer A. Combs, an adult who died in the crash. She seeks loss of consortium damages because she was completely emotionally, physically and financially dependent on her son, who was her guardian, and argues she is closely akin to a child who has lost a parent [DE #1077, p. 2].

Plaintiffs Fahey argue separately that they should be entitled to damages for the loss of affection and companionship of their unmarried, twenty-six-year old son [DE #1090]. They argue that the legislature has not "explicitly" precluded such a claim, and no Kentucky case is precisely on point. They also note Kentucky's "long history of judicial activism" in response to "changing societal circumstances and conditions." *Id.* pp. 4-5. They cite sixteen states that recognize parents' claims for lost consortium arising out of the wrongful death or injury of their adult children. *Id.* at 8-9.

They further urge as "particularly compelling support" the case of *Clymer v. Webster*, 156 Vt. 614, 596 A.2d 905 (1991), in which the court construed an amendment to Vermont's wrongful death act. The amendment added: "where the decedent is a minor child, the term pecuniary

---

[2] K.R.S. § 2.015 extends the age of majority to twenty-one for very limited purposes not applicable here.

[3] Plaintiffs Blockson, Fahey, Harris, Combs and Moscoe included such claims for the loss of their adult children [DE #539, p. 7].

injuries shall also include the loss of love and companionship of the child and for destruction of the parent-child relationship...." *Id.* at 622-23. Although rules of statutory construction favored the interpretation that the statute was limited to minors, the court noted "such canons are routinely discarded when they do not further a statute's remedial purposes." *Id.* at 625. Concluding that the amendment was intended to further, rather than restrict, "development of case law recognizing that pecuniary loss is more than loss of services" (*id.* at 626), the court said:

> We now hold that the loss of the comfort and companionship of an adult child is a real, direct and personal loss that can be measured in pecuniary terms. Children have an intrinsic value to their parents regardless of who is supporting whom at the time of death. Whether the decedent child is an adult or a minor, society recognizes the destruction of the parents' investment in affection, guidance, security and love.

*Id.* at 629.

Plaintiffs Fahey note that Kentucky Professor David J. Leibson supports the *Clymer* decision and finds the reasoning to be sound [DE #1190]. However, Professor Leibson acknowledges that, under the literal language of Kentucky's statute and its particular reference to the time *during [the child's] minority*, "the parent may not recover if the deceased child was an adult at the time of death. Why the legislature chose to limit recovery in this way is unclear." *13 Ky. Prac. Tort Law* § 20.3. Thus, while disagreeing with the wisdom of this limitation, he admits Kentucky's statute is so limited.

Iowa has considered a similar provision and rejected claims involving an adult child. In *Miller v. Wellman Dynamics Corp.* 419 N.W.2d 380 (Iowa 1988), the court construed language regarding loss of consortium claims resulting from the "death of a minor child." The court said: "The rule's very language, however, limits recovery of those damages to circumstances resulting from the death of a 'minor child.' The decedent in the case at bar, Squires' son, was eighteen years old and, consequently, not a minor." *Id.* at 383. *See also Kulish v. West Side Unlimited Corp.*, 545 N.W.2d 860, 862 (Iowa 1996) ("Losses resulting from the injury to or death of an *adult* child are not within the scope of rule 8....")

8

Recently, in *Arlington Central School Dist. Bd. of Educ. v. Murphy*, 548 U.S. ___, 126 S.Ct. 2455, (2006), the court emphasized a fundamental principle of statutory construction as follows:

> We have "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 117 L.Ed.2d 391 (1992). When the statutory "language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Hartford Underwriters Inc. Co. v. Union Planters Bank, N.A.,* 530 U.S.1, 6, 120 S.Ct. 1942, 147 L.Ed.2d1 (2000).

In construing statutes, Kentucky has long applied the legal maxim *expression unius est exclusio alterius,* "meaning the expression of one thing is the exclusion of another." *Burgin v. Forbes*, 293 Ky. 456, 169 S.W.2d 321, 325 (1943); *Martin v. Commonwealth*, 199 S.W.3d 195, 198 (Ky. Ct. App. 2006).

It is the opinion of this Court that by authorizing damages to the parents of a "minor" child for "loss of affection and companionship that would have been derived from such child *during its minority*" (emphasis added), the Kentucky legislature excluded an award of loss of consortium to the parents of an "adult" child. Any other interpretation renders the modifier "minor" and the words "during its minority" meaningless. While the Supreme Court of Kentucky is free to expand the common law to authorize damages for the loss of adult child, until it does so, this Court "must follow the law as it is." *Goranson*, 308 F.2d at 656.

Additionally, this is not a case situation where "the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). Although the exact question has not been decided by the state courts, there are well-established principles governing the interpretation of statutes. *Id.* Accordingly, this Court denies Plaintiffs' request to certify the law on this issue.

      **D.    Adult Child's Claim for Loss of Consortium of Parent**

Plaintiffs Cone, Turner and Theodore bring loss of consortium claims on behalf of children eighteen years of age or older who lost their parents. Plaintiff Clay Turner was an unemancipated,

9

eighteen-year-old high school graduate who was about to begin college at the time of the crash [DE #1070, pp. 1-2]. Plaintiff Adam Theodore was an eighteen-year-old mentally retarded high school student who depended exclusively on his mother for his physical, emotional and financial support [DE 1055, p. 1]. Plaintiffs Turner and Theodore argue that Kentucky law does not preclude a claim of loss of parental consortium by an unemancipated minor.

In *Giuliani v. Guiler*, 951 S.W.2d 318 (Ky. 1997), the Supreme Court of Kentucky abrogated *Brooks v. Burkeen*, 549 S.W.2d 91 (Ky. 1977), and *Adams v. Miller*, 908 S.W.2d 112 (Ky. 1995), to hold that a "claim of loss of parental consortium is a reciprocal of the claim of the parents for loss of a child's consortium ... in K.R.S. § 411.135" and that "Kentucky recognizes the claim of minor children for loss of parental consortium." *Giuliani* 951 S.W.2d at 321, 323. In *Clements v. Moore*, 55 S.W.3d 838 (Ky. Ct. App. 2001), Kentucky's intermediate court considered the claim of an adult child whose father was killed in an automobile accident. The trial court dismissed the claim. On appeal, the plaintiff urged the court that extending the holding of *Giuliani* to include adult children would be a "natural and logical extension." *Id.* at 840. While noting that it was not insensitive to the losses suffered and that they were substantially the same as the losses suffered by plaintiffs' minor sibling, the court said: "the recognition of filial claims for wrongful death is one exclusively within the purview of the Legislature." *Id.* Accordingly, dismissal of the claim was affirmed.

One month later, another panel of that court considered the claims of adult children whose mother died as a result of use of fenphen. *Smith v. Vilvarajah*, 57 S.W.3d 839 (Ky. Ct. App. 2001). The court said that *Giuliani* was "silent regarding the viability of claims for loss of parental consortium brought by adult children." *Id.* at 841. The court noted, however, that the policy reasons for recognizing the claim in *Giuliani* would not be served by extending the claim to adult children and that there was no statute on which to base a reciprocity claim. *Id.* at 842. The court distinguished decisions from other states where their statutes are not limited to claims by minors and held there was a legitimate basis for limiting claims to minor children in Kentucky. *Id.* at 843.

10

Based on this analysis, the court declined "to extend the claim for loss of parental consortium to emancipated adult children.... We conclude that any such step must be taken either by the legislature or by our Supreme Court." *Id.* at 844.

More recently, Judge Coffman granted a motion to dismiss a loss of consortium claim by an adult child based upon the decisions in *Giuliani, Clements* and *Smith*. *Treadway v. United States of America*, 2005 WL 2304747 (E.D. Ky. 2007). In dismissing the claim, the court said: "The court adopts the reasoning set out in *Smith* and finds that if faced with the issue, the Kentucky Supreme Court would not recognize such a claim." *Id.* at *1. The court also declined to certify the law because there "is sufficient basis here to determine whether Kentucky would recognize a claim for loss of consortium for an adult child." *Id.*

Plaintiffs seek to distinguish these authorities in various ways. Plaintiff Cone notes that *Clements* and *Smith* are split decisions with Chief Judge Combs stating in *Smith* that she would recognize such a claim as a "natural extrapolation of *Giuliani* and ... a cognizable cause of action in Kentucky." 57 S.W.3d at 844. Cone urges this court to certify the law since the Supreme Court of Kentucky has not ruled on this particular issue [DE #1060, pp. 5-6].

Plaintiff Theodore relies on several statutes, including K.R.S. § 16.582(6) regarding disability benefits for dependent children of members of the Kentucky State Police Retirement System and K.R.S. § 16.505(17) which defines "dependent child" as "a natural or legally adopted child of the member who has neither attained age eighteen (18) nor married or who is an unmarried full-time student who has not attained age twenty-two (22)." Additionally, K.R.S. § 161.520(6) regarding teacher's retirement extends benefits to "age nineteen (19) if a full-time student in high school" and to "age twenty-three (23) for an unmarried child who is a full-time student in a recognized educational program beyond the high school level." K.R.S. § 205.710 regarding child support recovery extends benefits to "the age of nineteen (19) if in high school, who is not otherwise emancipated...." Similar extensions to high school and college students are found in

11

K.R.S. §§ 304.16-085, 304.17-310, 342.750, and 403,213(3).  Theodore argues it is entirely "consistent with Kentucky's statutory law and public policy to allow dependent children still in high school, like Adam, to recover loss of consortium damages for a parent wrongfully killed." [DE #1055, p. 6].

Plaintiff Turner emphasizes the references in *Smith* and *Clements* to "unemancipated" children and "emancipated" adults.  *Smith,* 57 S.W.3d at 843; *Clements*, 55 S.W.3d at 840.  Turner also relies on Kentucky statutes, such as K.R.S. §§ 16.505(17), 161.250(6), 304-16-085, 304.17-310(1), and 342.750, that extend benefits past age eighteen when the person is still a student.  He notes that by 1997, twenty states allowed adult children to recover for loss of companionship in their wrongful death statutes and seventeen states likewise broadly interpreted their statutes.  Accordingly, Turner urges this Court to extend the right to recover for loss of consortium to unemancipated adult children.  [DE #1070].

While this Court understands the losses suffered by these plaintiffs and appreciates the logic in their arguments, it is not convinced that the Supreme Court of Kentucky would recognize a claim for loss of consortium by a child age eighteen or over if it were faced with the issue.  The statutes relied on by Plaintiffs pertaining specifically to the availability of retirement or health benefits for students do not deal with the age of majority for any other purpose.  Instead, K.R.S. § 2.015 provides:

> Persons of the age of eighteen (18) years are of the age of majority for all purposes in this Commonwealth except for the purchase of alcoholic beverages and for purposes of care and treatment of children with disabilities, for which twenty-one (21) years is the age of majority, all other statutes to the contrary notwithstanding.

Under K.R.S. § 2.015, eighteen-year-olds who are still students are not "minors" for purposes of the wrongful death statute or for recovery under *Giuliani*.

It is the opinion of this Court that *Smith* and *Treadway* correctly interpret Kentucky law that the Supreme Court of Kentucky would not recognize these plaintiffs' claims if faced with the issue.

12

### E. Claims for Pre-Impact Fear

Comair moved to dismiss all claims for "pre-impact fear" based on the recent decision of the Supreme Court of Kentucky in *Steel Technologies, Inc. v. Congleton*, 24 S.W.3d 920 (Ky. 2007).[4] *Steel Technologies* involved an automobile accident when a 37,000 pound steel coil came off a flatbed trailer in the path of Congleton's pick-up truck. The truck struck the coil, bounced off the side of the road, and struck a stone wall. The driver's side of the pick-up was crushed, and Congleton died at the scene from the impact. *Id.* at 923. The trial court gave "an instruction on the emotional distress caused by Congleton's perception of the impending impact (pre-impact fear)," and the jury awarded $100,000 in pre-impact fear damages. *Id.* at 924. In reversing the damages award for pre-impact fear, the court analyzed Kentucky's impact rule and held:

> It is not enough that emotional distress be accompanied by contact – it must be *caused* by the contact. This also means that any contact must precede the emotional distress before recovery is permissible under a negligence theory.

*Id.* at 929, emphasis in original. Because the evidence was that Mrs. Congleton was struck unconscious by the impact, there was no evidence of pain and suffering following the impact. *Id.* at 928. In response to arguments that the impact rule should be modified, the court noted the "concerns about the danger of fraud and speculative nature of mental harms." *Id.* at 929. It continued, "[i]n fact, wrongful death actions such as this are not susceptible to the sort of proof that might counsel in favor of altering or abandoning the impact rule."

In their complaints and in briefs, Plaintiffs claim several impacts associated with the crash of Comair Flight 5191, including the plane's impact with an earthen berm, a fence and trees. To the extent there is evidence that those or any other contacts caused emotional distress to the victims, the claims are not subject to dismissal under Kentucky law. *Deutsche v. Shein*, 597

---

[4] When Plaintiffs responded to the motions to dismiss, *Steel Technologies* was not final, and Plaintiffs urged this Court to disregard it on that basis. However, the decision became final upon denial of the petition for rehearing November 1, 2007 (*see* Case No. 2005-SC-551, http://apps.kycourts.net/supreme/sc_dockets.shtm). It is the law of Kentucky now.

13

S.W.2d 141 (Ky. 1980). Comair admits that claims for post-impact damages raise factual issues that may be addressed later [DE #1191, p. 6]. Claims for emotional distress suffered *prior* to any impact, however, were specifically rejected under *Steel Technologies*. Plaintiffs argue that Justice Noble "clearly held open the possibility that a cause of action for pre-impact fear could be recognized in the future, given the right case" [DE #1061, p. 13]. First, Justice Noble strongly suggested that wrongful death actions do not present the right proof for a change in the law. Second, a possibility that the law may change in the future is not sufficient for this Court to "speculate as to yet unarticulated law." *Pendergrass*. Under *Steel Technologies*, Plaintiffs' claims for pre-impact fear or emotional distress must be dismissed.

### F.    Claims for Hedonic and Loss of Enjoyment of Life Damages

Comair argues that three plaintiffs have asserted claims for hedonic damages or loss of enjoyment of life in addition to mental and physical pain and suffering.[5] It argues that such damages are not recoverable under *Adams v. Miller*, 908 S.W.2d 112 (Ky. 1995) (*abrogated on other grounds*). In *Adams*, the plaintiff claimed on appeal that he was entitled to recover for diminished enjoyment of life as a separate category of damages. The court held that "this value is already recoverable in the recognized category of mental suffering. There is no need to allow for the recoupment of hedonic damages as a separate category of loss." *Id.* at 116.

The fact that certain damages may overlap and may not be recoverable separately does not mean that the defendant or the court should decide for the plaintiff which damages may be pursued. All factual allegations in a complaint are deemed true, and a plaintiff need only state a claim that is "plausible on its face." Under Kentucky law, claims for hedonic damages are plausible and should not be dismissed at this stage for failure to state a claim. Accordingly, Comair's motion to dismiss claims for hedonic and loss of enjoyment of life damages for failure to state a claim is

---

[5] [DE # 1174, p. 15], citing Fahey Complaint ¶ 24, Hunt Complaint ¶ 23, and Winters Complaint ¶ 48.

14

denied. This decision does not preclude subsequent arguments that the claims are not supported by sufficient evidence or that double recovery should be prohibited under Kentucky law.

### G. Choice of Law Issues

Plaintiffs Towles [DE #1078] and Harris [DE #1147] raise specific issues regarding what state law is to be applied by this Court. Those issues will be addressed by a separate opinion pertaining to those cases. Accordingly, Comair's motion to dismiss as to Plaintiffs Towles and Harris is passed at this time.

### H. Bombardier's Motion to Dismiss

Defendant Bombardier moved to dismiss Plaintiff Moscoe's claims for loss of consortium resulting from the death of an adult child and for pre-impact terror [DE # 736]. The arguments in support of the motion and the response thereto were basically the same as those made by Comair and other Plaintiffs. For the reasons set forth above, Bombardier's motion is granted.

## III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A. Comair's [DE #539] motion to dismiss Plaintiffs' claims of loss of spousal consortium is **GRANTED** with the exception of the claim by Plaintiff Towles which is passed at this time;

B. Comair's [DE #539] and Bombardier's [DE #736] motions to dismiss Plaintiffs' claims of loss of consortium of an adult child are **GRANTED** with the exception of the claim of Plaintiff Harris which is passed at this time;

C. Comair's [DE #539] motion to dismiss the claims of an adult child for loss of consortium with parents is **GRANTED**;

D. Comair's [DE #539] and Bombardier's [DE #736] motions to dismiss Plaintiffs' claims of pre-impact terror are **GRANTED** with the exception of the claim of Plaintiff Towles which is passed at this time.

E. Comair's [DE #539] motion to dismiss Plaintiffs' claims for hedonic and loss of enjoyment of life damages is **DENIED**.

This January 3, 2008.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**